**Philip McGrady**
**MᴄGʀᴀᴅʏ Lᴀᴡ Fɪʀᴍ**
**P.O. Box 40**
**Park City, MT 59063**
**406-322-8647 (phone)**
**406-322-8649 (fax)**
**Philip@mcgradylawfirm.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| **LANE GRADY and JAMES** | ) | |
| **ELLINGTON,** on Behalf of Themselves | ) | JURY TRIAL DEMANDED |
| and All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case no.: |
| | ) | |
| **CENTURYLINK COMMUNICATIONS,** | ) | |
| **LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>
### Collective Action under §216(b) of FLSA

Plaintiffs Lane Grady and James Ellington, on behalf of themselves, and all

others similarly situated, by and through counsel, for their Complaint against

Defendant CenturyLink Communications, LLC ("CenturyLink" or "Defendant")

state as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff Lane Grady is a former Engineer I for CenturyLink.  He performed manual and clerical tasks for which CenturyLink paid him a salary.

2.    CenturyLink classified Plaintiff Grady and other Engineer Is as exempt "management" employees even though Plaintiff Grady never managed or supervised any employees.

3.    Plaintiff James ("JD") Ellington is a current Engineer II for CenturyLink. He performs manual and clerical tasks for which CenturyLink pays him a salary.

4.    CenturyLink classified Plaintiff Ellington and other Engineer IIs as exempt "management" employees even though Plaintiff Ellington never managed or supervised any employees.

5.    Defendant CenturyLink is traded on the New York Stock Exchange under the symbol  "CTL" and "is a global communications, hosting, cloud and IT services company enabling millions of customers to transform their businesses and their lives through innovative technology solutions. CenturyLink offers network and data systems management, Big Data analytics and IT consulting, and operates more than 55 data centers in North America, Europe and Asia." *See* CenturyLink website: http://www.centurylink.com/aboutus/companyinformation/.

6.      This is a FLSA collective action brought by Individual and Representative Plaintiffs Grady and Ellington on their own behalves and on behalf of the proposed nationwide classes.

7.      Plaintiff Grady and the Engineer I putative class members are or were employed by CenturyLink as "Engineer Is" in the Global Ops & Shared Services - Engineering Business Unit and other like jobs with similar job titles, and were denied overtime as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8.      The Engineer I FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendant as "Engineer Is" in the Global Ops & Shared Services - Engineering Business Unit and other like employees (collectively as "Engineer Is"), within the United States at any time within the last three years (the "Collective Period").

9.      Plaintiff Ellington and the Engineer II putative class members are or were employed by CenturyLink as "Engineer IIs" in the Global Ops & Shared Services – Engineering Business Unit and other like jobs with similar job titles, and were denied overtime as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

10.     The Engineer II FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendant as "Engineer IIs" in the Global Ops & Shared Services – Engineering Business Unit and other like employees (collectively as "Engineer IIs"), within the United States at any time within the last three years (the "Collective Period").

11.     During the Collective Period, Defendant failed to pay overtime compensation to each member of the Engineer I FLSA Collective Class and Engineer II FLSA Collective Class.

12.     Defendant's failure to pay overtime compensation to each member of these Collective Classes violates federal law. Plaintiffs seek relief for the Engineer I and II FLSA Collective Classes under the FLSA to remedy Defendant's failure to pay all wages due, pay overtime compensation, maintain accurate time records, and for injunctive relief.

13.     CenturyLink's policy and practice is to deny earned wages including overtime pay to its Engineer Is and IIs.  In particular, CenturyLink requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them overtime by illegally classifying all such employees as exempt from the overtime requirements.

14.     CenturyLink operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours

worked.   CenturyLink represented to its employees and the public that Engineer Is and IIs are "management" employees when CenturyLink knows these employees do not supervise other employees.

15.   CenturyLink's deliberate illegal classification of its Engineer Is and IIs as exempt from the overtime requirements results in CenturyLink willfully violating the FLSA.

## **PARTIES**

16.   Plaintiff Lane Grady currently resides in Broomfield, Colorado. CenturyLink employed Plaintiff Grady as an Engineer I from about March 23, 2013 to July 10, 2015 at Defendant's location in Billings, Montana. Plaintiff Grady's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

17.   Plaintiff JD Ellington currently resides in Bozeman, Montana.   CenturyLink currently employs Plaintiff Ellington as an Engineer II at Defendant's location in Bozeman, Montana.  Plaintiff Ellington's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

18.   Defendant CenturyLink is a Delaware limited liability company with its principal office located at 100 CenturyLink Dr., Monroe, LA.  CenturyLink does business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

19.   This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

20.   The United States District Court for the District of Montana has personal jurisdiction because CenturyLink conducts business within this District.

21.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as CenturyLink has offices, conducts business, and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in this District.   Venue is also proper under 29 U.S.C. §1132(e)(2) because CenturyLink has substantial business contacts within the state of Montana.

## FACTUAL ALLEGATIONS

22.   CenturyLink is "an integrated communications company engaged primarily in providing an array of communications services to [its] residential, business, governmental and wholesale customers. [Its] communications services include local and longdistance, broadband, private line (including special access), MultiProtocol Label Switching ("MPLS"), data integration, managed hosting (including cloud hosting), colocation, Ethernet, network access, video, wireless and other ancillary services."   "Based on [its]

approximately 12.4 million total access lines at December 31, 2014, [they] believe [they] are the third largest wireline telecommunications company in the United States." *See* CenturyLink 10-K Annual Report for the fiscal year ended December 31, 2014 at p. 3: http://ir.centurylink.com/Cache/29201996.PDF?Y=&O=PDF&D=&FID=27934439&T=&OSID=9&IID=4057179.

23.     At all relevant times, CenturyLink has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

24.     At all relevant times, CenturyLink employed, and/or continues to employ, "employee[s]," including Plaintiffs and all similarly situated employees.

25.     At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

26.     Other current and/or former CenturyLink employees have opted into this lawsuit and the Consent to Join form(s) pursuant to 29 U.S.C. § 226(b) is/are attached as an exhibit.

<u>Engineer Is</u>

27.     CenturyLink paid Plaintiff Grady and other Engineer Is a salary with bonus eligibility without paying Engineer Is overtime compensation.

28. CenturyLink uniformly applied its salary and bonus payment structure to all Engineer Is.

29. Defendant suffered and permitted Plaintiff Grady and other Engineer Is to work more than forty hours per week without overtime compensation for all overtime hours worked.

30. For example, while an Engineer I, Plaintiff Grady's schedule fluctuated from day-to-day.   However, his regular schedule had him working Mondays through Fridays, generally from 7:00 am until 7:00 pm.   Additionally, Plaintiff Grady worked at least three weekend days every month, generally working from 8:00 am to 6:00 pm. Plaintiff Grady also spent additional time working on a mobile device. As such, during this time period, Plaintiff Grady's regular schedule had him working an average of 62 hours per week.

31. However, Defendant only paid Plaintiff Grady for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately 22 overtime hours that he worked per week.

32. CenturyLink knows and/or knew Plaintiff Grady and other Engineer Is worked more than forty hours in a week because CenturyLink expected Plaintiff Grady and other Engineer Is to be available to work and answer

emails from CenturyLink management employees in the evenings and on weekends.

33. Further, CenturyLink knows and/or knew Plaintiff Grady and other Engineer Is worked more than 40 hours per week because they entered their work time into CenturyLink's timekeeping system.

34. CenturyLink uniformly misrepresented to Plaintiff Grady and other Engineer Is that they were exempt "management" employees and therefore ineligible to receive overtime pay.

35. CenturyLink treated Plaintiff Grady and other Engineer Is as exempt employees and therefore did not pay them overtime compensation even though they worked overtime hours. Defendant uniformly applied this policy and practice to all Engineer Is.

36. In reality, Plaintiff Grady and other Engineer Is are and were non-exempt employees who are and were entitled to overtime pay.

37. CenturyLink is in the business of communication services. Plaintiff Grady's and other Engineer Is' work is and was directly related to providing these communication services.

38. Plaintiff Grady and Engineer Is did not regularly supervise the work of two or more employees.

39.   Plaintiff Grady and Engineer Is did not regularly exercise discretion and independent judgment as to matters of significance or perform office work related to CenturyLink's general business operations or its customers.

40.   Plaintiff Grady and Engineer Is had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

41.   CenturyLink did not pay Plaintiff Grady and other Engineer Is on an hourly basis.

42.   CenturyLink did not require that Plaintiff Grady and other Engineer Is have a professional degree or license to perform the job.

43.   All Engineer Is are similarly situated in that they share common job duties and descriptions, and were all subject to CenturyLink's policy and practice that designated them as exempt and thus they all performed work without overtime compensation.

44.   Because CenturyLink did not pay Plaintiff Grady and other Engineer Is for all the hours they worked including overtime hours, CenturyLink's wage statements did not accurately reflect all hours Plaintiff Grady and other Engineer Is worked.

45.   CenturyLink did not pay Plaintiff Grady and other Engineer Is overtime pay for hours they worked in excess of 40 hours per week.

46.   Accordingly, CenturyLink did not provide Plaintiff Grady and other Engineer Is with all compensation owed to them, including their unpaid overtime, at the time they separated.

<u>Engineer IIs</u>

47.   CenturyLink paid Plaintiff Ellington and other Engineer IIs a salary with bonus eligibility without paying them overtime compensation.

48.   CenturyLink uniformly applied its salary and bonus payment structure to all Engineer IIs.

49.   Defendant suffered and permitted Plaintiff Ellington and other Engineer IIs to work more than forty hours per week without overtime compensation for all overtime hours worked.

50.   For example, while an Engineer II, Plaintiff Ellington's schedule fluctuated from day-to-day.  For example, while an Engineer II from approximately August 2014 through current, Plaintiff Ellington's schedule fluctuated from day-to-day.  However, his regular schedule during this time period had him working Mondays through Fridays, generally from 8:30 am until 5:00 pm.  Additionally, Plaintiff Ellington worked at least 1-2 weekend days every month, generally working for 6-8 hours per weekend day.  Plaintiff Ellington also regularly worked another 5 hours per week reading and responding to email, and making and receiving phone calls.  As such, during this time

period, Plaintiff Ellington's regular schedule had him working an average of 48 hours per week.

51. However, Defendant only paid Plaintiff Ellington for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately 8 overtime hours that he worked per week

52. As an additional example, while an Engineer II until approximately August 2014, Plaintiff Ellington's schedule fluctuated from day-to-day. However, his regular schedule during this time period had him working Mondays through Fridays, generally from 8:00 am until 6:30 pm. Additionally, Plaintiff Ellington worked at least 1-2 weekend days every month, generally working for 6-8 hours per weekend day. Plaintiff Ellington also regularly worked another 5 hours per week reading and responding to email, and making and receiving phone calls. As such, during this time period, Plaintiff Ellington's regular schedule had him working an average of 60 hours per week.

53. However, Defendant only paid Plaintiff Ellington for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately 20 overtime hours that he worked per week.

54.   CenturyLink knows and/or knew Plaintiff Ellington and other Engineer IIs worked more than forty hours in a week because CenturyLink expected Plaintiff Ellington and other Engineer IIs to be available to work and answer emails from CenturyLink management employees in the evenings and on weekends.

55.   Further, CenturyLink knows and/or knew Plaintiff Ellington and other Engineer IIs worked more than 40 hours per week because they entered their work time into CenturyLink's timekeeping system.

56.   CenturyLink uniformly misrepresented to Plaintiff Ellington and other Engineer IIs that they were exempt "management" employees and therefore ineligible to receive overtime pay.

57.   CenturyLink treated Plaintiff Ellington and other Engineer IIs as exempt employees and therefore did not pay them overtime compensation even though they worked overtime hours.   Defendant uniformly applied this policy and practice to all Engineer IIs.

58.   In reality, Plaintiff Ellington and other Engineer IIs are and were non-exempt employees who are and were entitled to overtime pay.

59.   CenturyLink is in the business of communication services.   Plaintiff Ellington's and other Engineer IIs' work is and was directly related to providing these communication services.

60.   Plaintiff Ellington and Engineer IIs did not regularly supervise the work of two or more employees.

61.   Plaintiff Ellington and Engineer IIs did not regularly did not exercise discretion and independent judgment as to matters of significance or perform office work related to CenturyLink's general business operations or its customers.

62.   Plaintiff Ellington and Engineer IIs had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

63.   CenturyLink did not pay Plaintiff Ellington and other Engineer IIs on an hourly basis.

64.   CenturyLink did not require that Plaintiff Ellington and other Engineer IIs have a professional degree or license to perform the job.

65.   All Engineer IIs are similarly situated in that they share common job duties and descriptions, and were all subject to CenturyLink's policy and practice that designated them as exempt and thus they all performed work without overtime compensation.

66.   Because CenturyLink did not pay Plaintiff Ellington and other Engineer IIs for all the hours they worked including overtime hours, CenturyLink's wage

statements did not accurately reflect all hours Plaintiff Ellington and other Engineer IIs worked.

67.   CenturyLink did not pay Plaintiff Ellington and other Engineer IIs overtime pay for hours they worked in excess of 40 hours per week.

68.   Accordingly, CenturyLink did not provide Plaintiff Ellington and other Engineer IIs with all compensation owed to them, including their unpaid overtime, at the time they separated.

<u>CenturyLink's Liability</u>

69.   CenturyLink is aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not Engineer Is and IIs.

70.   CenturyLink has previously been sued for wage and hour violations.

71.   CenturyLink's unlawful conduct has been widespread, repeated and consistent.

72.   CenturyLink's conduct, as set forth in this Complaint, was willful and not in good faith, and has caused significant damages to Plaintiffs and other Engineer Is and IIs.

73.   CenturyLink is liable under the FLSA for failing to properly compensate Plaintiffs and the Engineer I FLSA Collective Class and Engineer II FLSA Collective Class, and as such, notice should be sent to the FLSA Collective

Classes. There are numerous similarly situated, current and former employees of CenturyLink who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to CenturyLink and are readily identifiable through CenturyLink's records.

**COUNT I**
**Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT**
**Overtime Claims – Engineer I FLSA Collective Class**

74.  Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Complaint into this count.

75.  The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

76.  Plaintiff Grady and the Engineer I FLSA Collective Class are entitled to be paid overtime compensation for all overtime hours worked.

77.  Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Grady and the Engineer I FLSA Collective Class for all of their overtime hours worked.

78.   Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*., by failing to compensate Plaintiff Grady and the Engineer I FLSA Collective Class for overtime compensation.

79.   Plaintiff Grady and the Engineer I FLSA Collective Class do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

80.   By failing to record, report, and/or preserve records of all hours worked by Plaintiff Grady and the Engineer I FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

81.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82.   Plaintiff Grady, on behalf of himself and the Engineer I FLSA Collective Class, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

83.   Plaintiff Grady, on behalf of himself and the Engineer I FLSA Collective Class seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims – Engineer II FLSA Collective Class

84.   Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Complaint into this count.

85.   The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

86.   Plaintiff Ellington and the Engineer II FLSA Collective Class are entitled to be paid overtime compensation for all overtime hours worked.

87.   Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Ellington and the Engineer II FLSA Collective Class for all of their overtime hours worked.

88.   Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*., by failing to compensate Plaintiff Ellington and the Engineer II FLSA Collective Class for overtime compensation.

89.    Plaintiff Ellington and the Engineer II FLSA Collective Class do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

90.    By failing to record, report, and/or preserve records of all hours worked by Plaintiff Ellington and the Engineer II FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

91.    The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92.    Plaintiff Ellington, on behalf of himself and the Engineer II FLSA Collective Class, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

93.    Plaintiff Ellington, on behalf of himself and the Engineer II FLSA Collective Class seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiffs, on behalf of themselves and all members of the Engineer I and Engineer II FLSA Collective Classes, pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the Engineer I FLSA Collective Class and Engineer II FLSA Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Classes, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.      A declaration that Defendant is financially responsible for notifying the FLSA Collective Classes of its alleged wage and hour violations;

C.      Judgment against Defendant for an amount equal to Plaintiffs' and the FLSA Collectives' unpaid overtime wages at the applicable rates;

D.      A finding that Defendant's conduct was willful;

E.      An equal amount to the unpaid overtime wages as liquidated damages;

F.      All costs and attorneys' fees incurred prosecuting these claims, including expert fees;

G.      Pre-judgment and post-judgment interest, as provided by law; and

H.      Such further relief as the Court deems just and equitable.

## **Demand for Jury Trial**

Plaintiffs, individually and behalf of all other similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).


Respectfully Submitted,

/s/ Philip McGrady
Attorney for Plaintiffs


Of Counsel:

Rowdy B. Meeks, KS# 16068
**ROWDY MEEKS LEGAL GROUP LLC**
10601 Mission Rd., Suite 100
Leawood, Kansas 66206
Tel:   (913) 766-5585
Fax:   (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com
*Pro Hac Vice Motion Forthcoming*

Tracey F. George, MO# 52361
**DAVIS GEORGE MOOK LLOC**
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel:   (816) 569-2629
Fax:   (816) 447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com
*Pro Hac Vice Motion Forthcoming*

Attorneys for Plaintiffs