# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LANE GRADY and JAMES ELLINGTON,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTURYLINK COMMUNICATIONS, LLC,<br><br>Defendant. | CV 15-85-BLG-BMM<br><br>**ORDER** |

## I. SYNOPSIS

Plaintiffs Lane Grady and James Ellington, on behalf of themselves and all other similarly situated, bring a collective action against Defendant CenturyLink Communications, LLC ("CenturyLink"). CenturyLink moves to transfer this action to the Western District of Louisiana, Monroe Division, or, in the alternative, the District of Colorado. (Doc. 8.) CenturyLink argues that transferring this action to the District of Colorado, where Plaintiff Grady and many of the putative class members live, or the Western District of Louisiana, where CenturyLink is

1

headquartered, would serve the interests of convenience and justice. Plaintiffs Lane Grade and James Ellington oppose the motion. (Doc. 9.)

## II. DISCUSSION

A district court may transfer a civil action to any other district or division where the action may have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). The parties agree that the action initially could have been brought in the District of Colorado or the Western District of Louisiana. Both districts would possess subject matter jurisdiction over the action given that Plaintiffs have filed suit pursuant to Fair Labor Standard Act ("FLSA"). *See* 28 U.S.C. § 1331. Both districts also seem to possess personal jurisdiction over CenturyLink given CenturyLink's business contacts in each district.

The moving party bears the burden of proof to show why the forum should be changed. *Anderson v. Thompson*, 634 F. Supp. 1201, 1204 (D. Mont. 1986). The Court should deny the motion to transfer where the transfer only would shift the inconvenience from the defendant to the plaintiff. *Id.* at 1204. Consequently, the Court should not grant a transfer to an equally convenient forum. *Id*. CenturyLink must make a strong showing of inconvenience to warrant upsetting Plaintiffs' choice of forum. *Decker Coal v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).

No uniform list of factors exists that a court should consider when determining whether a change of venue would be in the interest of justice and for the convenience of the parties and witnesses. Factors frequently considered include: (1) plaintiff's choice of forum, (2) the location where the relevant agreements were negotiated and executed, (3) the convenience of the witnesses, (4) the ability of the two forums to compel non-party witnesses to testify, (5) the respective parties' relative contacts with the forums, (6) the state that is most familiar with the governing law, (7) the relative congestion in the two forums, (8) the length of time action has already been pending in the transferor forum, (9) ease of access to sources of proof, and (10) whether there is a "local interest" in either of the forums. The Court's analysis will focus on the factors argued by the parties.

**A. The Plaintiffs' Choice of Forum**

Courts generally accord great weight to a plaintiff's choice of forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). CenturyLink argues, however, that a plaintiff's choice of forum in a class action suit should be given "little or no weight." (Doc. 9 at 14.) It is true that a plaintiffs' choice of forum should be given "less weight" in a class action. *Lou*, 834 F.2d at 739. The Court should consider the extent of both parties' contacts to decide the weight to be assigned to the Plaintiffs' choice of forum. *Id.* CenturyLink argues that the Court should give Plaintiffs'

choice of forum minimal weight when the majority of the putative class members allegedly reside in places other than Montana.

The Court should afford only "minimal consideration" to Plaintiff's choice of forum when no operative facts occurred within the forum and the forum possesses no interest in the parties or subject matter. *Id.* Both Plaintiffs and CenturyLink have significant contacts in Montana. Plaintiff Ellington resides in Montana. CenturyLink employed both Plaintiffs in Montana, and Plaintiffs allege that they suffered damages caused by CenturyLink in Montana. The Court should accord deference to Plaintiffs' choice of forum given both parties' significant contacts in that forum.

**B. The Location Where Relevant Agreements were Negotiated and Executed**

CenturyLink asserts that the relative agreements in this case consist of employment agreements. CenturyLink argues that the parties executed these agreements in Denver, Colorado. CenturyLink asserts that it stores most of these documents in Denver, Colorado. CenturyLink argues that the value of documents in the Denver, Colorado repository weighs in favor of a transfer.

Plaintiffs contend that the Court should give no consideration to the employment agreements' location. Plaintiffs argue that the agreements have no bearing on the issues involved in this case. Plaintiffs argue that the Court only should consider this factor in breach of contract claims.

Plaintiffs also assert that the documents, most of which are electronic, can be obtained easily through electronic discovery means regardless of the forum location. CenturyLink concedes that it keeps these records "electronically" or "locally at [a] supervisor's primary place of employment." (Doc. 10 at 2.) CenturyLink's position seems to ignore the modern realities of document production. Technological advances allow the transport of electronic documents without creating a burden. *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1362 (N.D. Cal. 2007). The Court considers this factor neutral.

**C. Access to Proof**

The parties make similar arguments regarding the location of documents in addressing the "access to proof" factor. Courts have recognized the diminished importance of this factor due to the ease of transporting electronic documents in modern discovery. *Id; Schultz v. Hyatt Vacation Marketing Corp.*, 2011 WL 768735 at *8 (N.D. Cal. Feb. 28, 2011). Furthermore, it appears that documents have been stored in different locations across the nation. CenturyLink admits that it retains some documents "at their supervisor's primary place of employment." (Doc. 16 at 9.) CenturyLink's discovery obligations seem to remain essentially the same regardless of venue. *Schultz*, 2011 WL 768735 at *8. The Court considers this factor neutral.

**D. Convenience of Witnesses and Availability of Compulsory Process**

"The availability of witnesses is obviously an important factor to be considered in determining the propriety of a discretionary transfer." *Anderson*, 634 F. Supp. at 1206. Courts should consider whether deposition testimony would be adequate for those unwilling witnesses who fall outside the forum's subpoena power. *Id.* The Court does not require the proponent of transfer to provide a list of names of witnesses and a description of their anticipated testimony, but "the lack of specificity is an important consideration" in assessing the party's request. *Id.*

CenturyLink has provided the Court a list of four "primary potential witnesses" who are located in Monroe, Louisiana. (Doc. 9 at 19.) CenturyLink has provided descriptions of each witness's expected testimony. *Id.* The witnesses would speak to CenturyLink's corporate policies and procedures regarding compensation, employee's exempt status, and overtime requirements for CenturyLink employees. It would be unfair to require a defendant to present important evidence pertaining to the plaintiff's allegations by way of deposition. *Anderson*, 634 F. Supp. at 1207.

The Court should not grant a transfer based on "the mere fact a party wishes to call witnesses who reside in a transferee district." *Id.* The party must make a "sufficient showing that the witnesses will not attend, or be severely inconvenienced if litigation proceeds in the transferor forum." *Id.* CenturyLink

admits that, at this stage of the case, it cannot determine whether any non-party witnesses would be unwilling to testify in Montana. (Doc. 9 at 20.) CenturyLink argues instead that this Court's power to compel witnesses fails to extend into Colorado or Louisiana, where it expects most of their witnesses to reside.

It appears that most of the major witnesses in this action will consist of the parties themselves or the employees of CenturyLink. It seems likely that a CenturyLink employee "will presumably be willing to testify . . . regardless of inconvenience, precisely because he or she is a [CenturyLink] employee." *Sonoda v. Amerisave Mortg. Corp.*, 2011 WL 2653565, at *5 (N.D. Cal. July 6, 2011). Furthermore, it seems that some of the witnesses in this case live outside any of the potential forums. In those instances, transferring the action would "simply shift the inconvenience from some parties and witnesses to others. *Senne v. Kansas City Royals Baseball Corp.*, 2015 WL 2412245, at *60 (N.D. Cal. May 20, 2015.) This factor weighs slightly in favor of transfer.

### E. Relevant Contacts

CenturyLink argues that it possesses significantly greater contacts in Colorado and Louisiana than in Montana. CenturyLink is headquartered in Louisiana. CenturyLink alleges that more putative class members live and work in Colorado than Montana. CenturyLink points out that Plaintiff Grady lives in Colorado. Plaintiffs argue that the parties' contacts are more significant in

7

Montana. Both Plaintiff Ellington and Plaintiff Grady lived and worked in Montana during the relative claim period. Plaintiff Ellington still lives in Montana. CenturyLink conducts business in Montana, and the cause of action arose from conduct that occurred in Montana. This factor weighs against transfer.

### III. CONCLUSION

Having considered all of the factors pertinent to the motion to transfer the present action to the Western District of Louisiana, Monroe Division, or, in the alternative, the District of Colorado, the Court has determined that the factors weigh against transfer.

**IT IS HEREBY ORDERED** that the Defendant's Motion to Transfer Venue (Doc. 8) is **DENIED**.

DATED this 24th day of November, 2015.

_____
Brian Morris
United States District Court Judge