**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| LANE GRADY & JAMES ELLISON<br><br>Plaintiffs,<br>v.<br><br>CENTURYLINK<br>COMMUNICATIONS, LLC<br><br>Defendant. | CV-15-85-BLG-BMM<br><br>**ORDER** |

The Court now considers Plaintiffs' Motion for Conditional Collective Action Certification and Notice in a Fair Labor Standards Act ("FLSA") claim pursuant to 29 U.S.C. § 216(b). (Doc. 39).

## I. BACKGROUND

Plaintiff Lane Grady first worked for CenturyLink in Littleton, Colorado. Grady worked as a contract employee and worked alongside CenturyLink full-time employees. CenturyLink then employed Grady as an Engineer I at its Billings, Montana location from March 23, 2013, to July 10, 2015. (Doc. 40-3 at 1).

1

Plaintiff James Ellington worked as an Engineer II for CenturyLink at it its Bozeman, Montana location until May 2, 2016. (Doc. 40-4 at 1).

Defendant CenturyLink provides global communications, hosting, cloud, and IT services. Defendant installs and oversees broadband, voice, video, data, and managed services over a 250,000 route-mile U.S. fiber network and a 300,000 route-mile international network. (Doc. 42-1 at 3).

Plaintiffs seek relief for Defendant's alleged violation of FLSA overtime regulations. *See* 29 U.S.C. § 207(a); 29 U.S.C. § 213(a)(1). Plaintiffs claim that Defendants misclassified them as "management" in order to circumvent the obligation to pay overtime. (Doc. 40 at 1–2). The FLSA grants plaintiffs the right to sue on behalf of other employees if the other employees later opt in to the suit. 29 U.S.C. §216(b). Plaintiffs propose an opt-in class of all CenturyLink Engineer Is and IIs employed in the Global Ops & Shared Services—Engineering & Construction Business Unit at any time during the last three years. (Doc. 40 at 2).

## II. DISCUSSION

Claims, such as this one, that arise from alleged violations of FLSA overtime regulations allow employees to file a collective action "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The district court possesses the discretion to determine whether a collective action proves appropriate. *Wood v. Trivita, Inc.*, No. CV-08-0765-PHX-SRB, 2009

WL 2046048, at *2 (D. Ariz. Jan. 22, 2009) (internal quotations and citation omitted). The FLSA requires employees "similarly situated" to named plaintiffs to affirmatively opt in to the collective action by filing a written consent with the Court. 29 U.S.C. § 216(b).

Neither the FLSA nor the Ninth Circuit has defined similarly situated. The majority of Courts within the Ninth Circuit, and courts within the District of Montana, have adhered to a "two-step certification procedure" for FLSA collective actions. *Casarotto v. Expl. Drilling, Inc.*, 2015 WL 6080755, at *3 (D. Mont. Oct. 15, 2015), report and recommendation adopted, 2015 WL 8780050 (D. Mont. Dec. 15, 2015). In the first step, the court considers whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *Labrie v. UPS Supply Chain Solutions, Inc.*, 2009 WL 723599, at *4 (N.D. Cal. 2009). At the second step, the court engages in a more stringent inquiry into the propriety and scope of the collective action once parties have completed discovery and are preparing for trial. *Id.*

### A. Notice Stage

The Court makes a preliminary determination whether to certify conditionally a class of similarly situated employees and send notice to potential class members. *Casarotto*, 2015 WL 6080755, at *3. The Court "'require[s] nothing more than substantial allegations that the putative class members were

together the victims of a single decision, policy, or plan'" to make the similarly situated determination at the notice stage. *Colson v. Avnet., Inc.*, 687 F.Supp.2d 914, 925 (D. Ariz. 2010) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

Plaintiffs must only meet a light burden at this point in the proceedings. *Id.* The Court bases its analysis on the pleadings and the affidavits the parties submit under a fairly lenient standard. *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 483 (E.D. Cal. 2006). The Court should ask the question, based on the limited amount of evidence, whether "potentially similarly-situated class members who would benefit from receiving notice" exist at this stage of the action. *Wellens v. Daiichi Sankyo, Inc.*, 2014 WL 2126877, at *1 (N.D. Cal. May 22, 2014).

1. Burden of Proof

Defendants argue that Plaintiffs provided an insufficient number of declarations. Defendants claim that Plaintiffs forfeited their right to the lenient conditional certification stage by failing to conduct discovery that could have produced additional declarations on Plaintiffs' behalf. (Doc. 42 at 22). Furthermore, Defendants argue that Plaintiffs' declarations include hearsay that should be barred as evidence in the determination of conditional certification. (Doc. 42 at 21).

Defendant's argument that Plaintiffs should be required to produce more at this stage of the proceedings falls short. In FLSA claims, once the notification period ends, the Court makes a second determination, using "a much stricter standard to scrutinize the nature of the claims." *Colson v. Avnet., Inc.*, 687 F.Supp.2d 914 at 925. At the second stage, the Court reviews several factors, including: disparate factual and employment settings of the plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and fairness and procedural considerations. *Casarotto*, No. CV 15–41–BLG–SPW–CSO, 2015 WL 6080755 at *3. Information gained from discovery factors more properly at step two. *Id.* The Court finds Plaintiffs' two declarations and evidence of CenturyLink job postings sufficient at this stage in the proceedings.

Additionally, the Court need not consider whether Plaintiffs' declarations included hearsay. At the notice stage, "evidence submitted in support of a motion for conditional certification need not meet the admissibility standard applicable to summary judgment or the rules of evidence." *Id.* at *4. The Court agrees with other courts that have reasoned "to require more at this stage of litigation would defeat the purpose of the two-stage analysis." *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006).

   2.  <u>Single Decision, Policy, or Plan</u>

Defendants argue that Plaintiffs' allegation that CenturyLink wrongly designated "exempt" employees fails to amount to a showing of an unlawful institution-wide policy. CenturyLink points to its own declarations from managers and employees that state that all Engineer Is and IIs did not share common responsibilities or job duties. (Doc. 42 at 12–16). CenturyLink contends the Court cannot base its finding of a similarly situated class solely on an exemption.

Where the plaintiffs base their theory on the defendant's misclassification of employees as exempt, plaintiffs must show that the employer subjected them to the same exemption and that plaintiffs perform similar job duties. *Benedict v. Hewlett-Packard Co.*, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014). Defendants do not deny that Defendants classified Plaintiffs and Engineer Is and IIs as exempt. (See Doc. 42 at 18–20). Defendants argue instead that Plaintiffs have failed to show that the proposed class performs similar job duties.

Both Grady and Ellington claim the following in their declarations: that they 1) worked for CenturyLink as either an Engineer I or II; 2) worked in excess of forty hours in a workweek; 3) received no overtime premiums for their work; 4) worked in CenturyLink's "Global Ops & Shared Services—Engineering & Construction" Business Unit; 5) performed job duties and responsibilities that included, preparing field notes, using CenturyLink's computer design programs to generate work orders for line-installation projects, pulling required work permits

6

for projects, and servicing work orders to provide CenturlyLink's customers with data and voice communication services; 6) provided non-exempt IT services to CenturyLink and its customers; and 7) worked with other similarly situated Engineer Is and IIs who were also obligated to work in excess of 40 hours per week without overtime pay. (Doc. 39–3; Doc. 39–4).

Defendant argues that two declarations fail to prove similar job duties. Defendant's reliance on *Wood v. Trivita* proves misplaced. The Court denied class certification in *Wood* based on the plaintiffs' failure to show that the plaintiffs performed similar job duties. *Id.* at *5. The Court did not base its denial of class certifications on an insufficient number of declarations. The declarants failed to assert that the named plaintiffs shared similar job duties. The plaintiffs merely claimed that their employer misclassified them as exempt. *Id.* at *4.

The employees in *Wood* held different job titles and performed different duties. Ms. Wood, as a Human Resources Generalist and Human Resources Administrator, performed duties that included setting up new personnel, benefit, and disciplinary files for employees; organizing and maintaining I–9, Employee Benefit, and COBRA filing systems; scheduling new hire and exit interviews for new or departing employees; scheduling meetings; processing new hire and termination paperwork; planning and scheduling company social events; sending out birthday greetings and anniversary certificates to employees; and maintaining

7

FMLA records. *Id.* One of the declarant's duties included placing advertisements, screening applicant resumes, and scheduling interviews with applicants. The third declarant performed one primary duty — administering payroll for all employees. *Id.* The Court determined that the employees failed to show that they performed similar job duties. *Id.* Grady and Ellingtons' declarations sufficiently allege that a putative class that performs similar job duties exists.

Plaintiffs additionally offer CenturyLink's own job postings for Engineers I and II positions located across the United States to demonstrate that the proposed class performs similar job duties. (Doc. 40-5). CenturyLink lists identical "Job Responsibilities" in its job listings for Engineer Is and IIs posted in Missoula, Montana; Cedar Rapids, Iowa; Des Moines, Iowa; Tacoma, Washington; Medford, Oregon; Sioux Falls, South Dakota; Naples, Florida; Vancouver, Washington; Omaha, Nebraska; et al. (*See* Docs. 40-1, 40-2). Plaintiffs also have submitted a CenturyLink organizational chart that indicates that CenturyLink classified Ellington as management. (Doc. 40-6).

Plaintiffs must present the court with 'nothing more than substantial allegations that putative class members were together the victims of a single, decision, policy, or plan' in order to make a sufficient showing for certification." *Bower v. Cycle Gear, Inc.*, No. 14–cv–02712–HSG, 2015 WL 2198461, at *1.

The District of Montana in *Casarotto* granted conditional certification based upon plaintiffs' allegations and supporting declarations that the proposed class had (1) similar job duties; (2) were all paid a set daily rate; (3) regularly worked over forty hours in a week; (4) were not paid overtime; and (5) talked to and observed other Flowback operators with similar duties, pay, and work hours. *Casarotto*, 2015 WL 6080755 at *3.

Plaintiffs have presented similar allegations that a putative class that may be subject to a single policy, decision, or plan exists. Plaintiffs offered CenturyLink's job postings and the declarations that claim that Grady and Ellington shared similar job duties, both worked over forty hours in a week without overtime, and observed other Engineer Is and IIs that performed similar job duties. The Court finds Plaintiffs have provided sufficient evidence at this point in the proceedings that a potentially similarly-situated class of members would benefit from receiving notice at this stage.

Accordingly, this Court finds that Plaintiffs have shown sufficient allegations to proceed to notification of the proposed class. The Parties agreed to the form of notice at oral arguments.

**IT IS ORDERED**: Plaintiffs' Motion for Conditional Collective Action Certification and Notice, (Doc. 39) is **GRANTED**.

DATED this 28th day of July, 2016.

_____
Brian Morris
United States District Court Judge